UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EARL HAWKINS,

    Plaintiff,

v.

CORIZON MEDICAL, INC.,

    Defendant.

_____/

Case No. 1:16-cv-890

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983 against Corizon Medical, Inc. ("Corizon"). This matter is now before the Court on plaintiff's motion to amend (ECF No. 10), Corizon's motion to dismiss (ECF No. 17), and plaintiff's motions to compel directed at Corizon (ECF No. 13) and non-party Keith Papendick, M.D. (ECF No. 22).

    **I.    Discussion**

Plaintiff filed his complaint against Corizon, alleging that it was deliberately indifferent to his serious medical needs, i.e., treating mild anemia and denying a request for hemorrhoid surgery. *See* Compl. (ECF No. 1). A few days after the Court issued its case management order, plaintiff moved for leave to amend the complaint. The proposed amended complaint does not include any claims against the current defendant, Corizon. Rather, it names a new defendant, Keith Papendick, M.D. In his motion, plaintiff expressed his intent to change the name of the defendant from Corizon to Dr. Papendick, because the Dr. Papendick is "the individual

responsible for making the medical decisions in Plaintiff's case." Motion to amend at PageID.10. Corizon did not oppose plaintiff's motion to amend. After plaintiff filed his motion to amend, Corizon filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff did not plead "a claim of a policy, practice, or custom by Corizon that is allegedly unconstitutional" sufficient to satisfy the requirements in *Monell v. Department of Social Services*, 436 U.S. 658, 663 (1978). Corizon Brief (ECF No. 17, PageID.93).

Plaintiff seeks to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2), which provides that a party may amend its pleading with the opposing party's written consent or with leave of the court, which should be freely given "when justice so requires."[1] Plaintiff's cause of action appears to be directed at Dr. Papendick's actions rather than Corizon's policy. In essence, plaintiff's motion to amend seeks to voluntarily dismiss Corizon and add Dr. Papendick as the defendant. Under these circumstances, plaintiff's motion should be granted, the proposed amended complaint against Dr. Papendick (ECF No. 11) should be filed as the operative pleading in this matter, and Corizon should be dismissed from this action. If Corizon is dismissed, then plaintiff's motion to

---

[1] The Court notes that this case does not involve amendment as a matter of course as allowed under Fed. R. Civ. P. 15(a)(1), which provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." The Sixth Circuit explained the operation of Rules 15(a)(1) and (2) as follows:

> Federal Rule of Civil Procedure 15(a)(1) authorizes a plaintiff to amend the complaint once as a matter of course within twenty-one days of service of the complaint, a responsive pleading, or a motion to dismiss. After that twenty-one-day window has expired, a plaintiff may amend the complaint only with the court's leave or the defendants' written consent. Fed.R.Civ.P. 15(a)(2).

*Springs v. United States Department of Treasury*, 567 Fed. Appx. 438, 442-43 (6th Cir. 2014). Here, Fed. R. Civ. P. 15(a)(1) does not apply because plaintiff did not file the proposed amended complaint within any of the three 21-day windows.

compel Corizon to answer certain interrogatories under oath (ECF No. 13) should be denied because it would no longer be a party to this litigation. *See* Fed. R. Civ. P. 33 (providing that "a party may serve any other party" with interrogatories); *Ward v. Empire Vision Centers, Inc.*, 262 F.R.D. 256, 261 (W.D.N.Y. 2009) ("federal rules provide that interrogatories may only be served upon parties to the lawsuit"). This would be consistent with the Court's order denying plaintiff's motion to compel Dr. Papendick to answer interrogatories on the ground that the doctor was not a party to this litigation when plaintiff served the interrogatories. *See Ward*, 262 F.R.D. at 261 (noting that service of interrogatories upon a non-party is inappropriate). If the Court allows plaintiff to amend the complaint to substitute Dr. Papendick for Corizon as the defendant in this action, then the Court should extend the discovery and pre-trial motion deadlines as set forth in the case management order.

## II. Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion to amend (ECF No. 10) be **GRANTED**, that plaintiff's proposed amended complaint against Dr. Papendick (ECF No. 11) be filed, that the Court enter a separate order regarding service of the amended complaint on Dr. Papendick, that Corizon be **DISMISSED** from this action, that defendant Corizon's motion to dismiss (ECF No. 17) be **DENIED** as moot, that plaintiff's motion to compel directed at Corizon (ECF No. 13) be **DENIED**, and that the case management order be amended to establish discovery and pre-trial motion deadlines with respect to plaintiff's claims against Dr. Papendick.

Dated: June 14, 2017 /s/ Ray Kent  
RAY KENT  
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).