UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EARL HAWKINS,

    Plaintiff,

CASE NO. 1:16-CV-890

v.

HON. ROBERT J. JONKER

CORIZON MEDICAL INC. and
KEITH PAPENDICK,

    Defendants.
_____/

### ORDER APPROVING AND ADOPTING
### REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 50), Plaintiff's Objections (ECF No. 51), and Defendant's Response (ECF No. 53). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; Plaintiff's Objections; and Defendant's Response.  The Court finds the Magistrate Judge's Report and Recommendation, which recommends granting the defense motion for summary judgment, factually sound and legally correct.

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law.  Plaintiff's objections do not address the Report and Recommendation in any persuasive way.  The objections primarily amplify arguments Plaintiff has already made and the Magistrate Judge has already addressed properly.  The objections fail to come to grips with the fundamental point that "[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."  *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003).  Similarly, a difference in medical opinion does not give rise to a claim under § 1983.  *Lane v. Wexford Health Sources (Contreator)*, 510 F. App'x 385, 388 (6th Cir. 2013).  Nothing in Plaintiff's objections changes the core analysis in this case.  Summary judgment in favor of Defendant Papendick is appropriate, for the very reasons the Report and Recommendation details.

**ACCORDINGLY, IT IS ORDERED**:

1.   The Report and Recommendation of the Magistrate Judge (ECF No. 50) is **APPROVED AND ADOPTED** as the opinion of the Court.

2.   Defendant Papendick's Motion for Summary Judgment (ECF No. 42) is **GRANTED**.

3.   For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v.*

*Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

    4.    This case is **TERMINATED**.


Dated:    September 6, 2018        /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      CHIEF UNITED STATES DISTRICT JUDGE